JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

QUINN MARIE COEN

### DEFENDANTS
UNUM LIFE INSURANCE COMPANY OF AMERICA & THE BOSTON CONSULTING GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff   Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Madison Z Provorny , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1132(a)(1)(B) ("ERISA")

Brief description of cause:
Plaintiff brings this action for unlawful denial of long-term disability benefits.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
October 1, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Quinn Marie Coen | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| Unum Life Insurance Company of America & The Boston Consulting Group, Inc. | : | NO. |
| DEFENDANTS. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X)

October 1, 2024

**Date**                        **Attorney-at-law**                        Plaintiff, Quinn Marie Coen
                                                            **Attorney for**

(215) 545-7676              (215) 565-2859                provorny@consolelaw.com

**Telephone**                **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Sommerville, MA 02144 _____

Address of Defendant: ___ 2211 Congress Street, Portland, ME 04122; 1 Beacon Street, Floor 10, Boston, MA 02108 ___

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __October 1, 2024__ _____ __333627__
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*  ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
  *(Please specify):* _____ ERISA _____

*B.*  ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Madison Z Provorny, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __October 1, 2024__ _____ __333627__   2
  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUINN MARIE COEN**<br>**Sommerville, MA 02144** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| | : | |
| **UNUM LIFE INSURANCE** | : | |
| **COMPANY OF AMERICA** | : | |
| **2211 Congress St,** | : | |
| **Portland, ME 04122** | : | |
| | : | |
| **and** | : | |
| | : | |
| **THE BOSTON CONSULTING** | : | |
| **GROUP, INC.** | : | |
| **1 Beacon St, Fl 10** | : | |
| **Boston, MA 02108** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

## I.   PRELIMINARY STATEMENT

Plaintiff, Quinn Marie Coen, brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against Defendants, UNUM Life Insurance Company of America ("UNUM") and The Boston Consulting Group, Inc. Long-Term Disability Plan (the "Plan"), for their unlawful denial of long-term disability ("LTD") benefits to which Plaintiff was and is entitled.

## II.    JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

2.    The Court has personal jurisdiction over the Defendants pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2).

3.    Venue is proper in this Court pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because this is the district in which the Plan is administered and where the breach of Defendants' obligation to provide benefits occurred. Venue is also proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4.    By letter dated September 20, 2022, Plaintiff was informed of the denial of her claim for LTD benefits.

5.    Plaintiff has exhausted her administrative remedies with respect to her claim for LTD benefits through the timely use of the Plan's internal appeal process.

6.    Plaintiff received, on December 6, 2023, a final appeal decision reaffirming the denial of her LTD benefits and stating that she had a right to bring a civil suit under ERISA §502(a) until September 20, 2025.

## III.    PARTIES

7.    Plaintiff, Quinn Marie Coen ("Plaintiff" or "Ms. Coen"), is an individual and a citizen of Massachusetts. She resides in Somerville, Massachusetts.

8.    Plaintiff is a former employee of the Boston Consulting Group, Inc. ("BCG"). At all times material hereto, she has been a "participant" within the meaning of ERISA in The Boston Consulting Group Master Welfare Benefit Plan and The Boston Consulting Group. Inc. Long-Term Disability Plan.

9.   Defendant Boston Consulting Group, Inc. is a Massachusetts corporation with a principal place of business located in Boston, Massachusetts in Suffolk County.

10. BCG hired Plaintiff in Philadelphia, Pennsylvania.

11. BCG regularly conducts business in Philadelphia, Pennsylvania.

12. Plaintiff performed the majority of her work for BCG from Philadelphia, Pennsylvania.

13. The Plan is and was at all relevant times an "employee welfare benefit plan" and an "employee benefit plan" within the meaning of ERISA §§ 3(1)(A), 3(3), 29 U.S.C. §§ 1002(1)(A), 1002(3).

14. UNUM is a Maine corporation with a principal place of business located in Portland, Maine in Cumberland County.

15. UNUM regularly conducts business in Pennsylvania.

16. UNUM insures the Plan and issued the Plan to BCG.

17. UNUM is the claims administrator for the Plan and is responsible for administering claims under the Plan.

18. As the claims administrator, UNUM is a "fiduciary" within the meaning of ERISA.

19. Upon information and belief, UNUM was the final decision maker regarding the administrative appeal of Plaintiff's claim for LTD benefits under the Plan.

## IV.    FACTUAL ALLEGATIONS IN SUPPORT OF CLAIM

### *Plaintiff's Employment at BCG and Her Disabling Symptoms*

20. Plaintiff began her employment with BCG in April 2020, where she worked as a Consultant at the Philadelphia, Pennsylvania office.

21. Plaintiff earned as part of her compensation from BCG the right to participate in its Plan, including the long-term disability plan, which is intended to provide financial protection by paying a portion of an eligible participant's income while she is disabled.

22. Plaintiff paid for the Plan premium out of pocket in order to receive LTD coverage.

23. Plaintiff's job duties included, but were not limited to:

    a. Design and implement long-term competitive business strategies;

    b. Advise clients on key expansion issues, including mergers and acquisitions;

    c. Identify and quantify new market growth opportunities;

    d. Perform in-depth, highly sophisticated financial and economic analyses of client, customer, and competitor organizations;

    e. Design and build complex computer models to analyze and quantify business expansion opportunities, time-based competition, and cost behavior;

    f. Interview members of the client, customer, and competitor organizations to compile data;

    g. Develop and maintain excellent working relationships with all levels of client organizations;

    h. Prepare and present oral and written corporate analysis and strategy reports; and

    i. Mentor and supervise junior case team members.

24. Plaintiff's essential job duties required intense mental concentration, advanced qualitative and quantitative analytical skills, high-level memory and cognitive function, critical thinking, and mental stamina.

25. Plaintiff's essential job duties also required regular travel and short deadlines.

26. Plaintiff has suffered from migraines on an occasional basis since 2011.

27. Plaintiff's migraine related symptoms include, but are not limited to:

    a.  Nausea;

    b.  Photophobia;

    c.  Phonophobia;

    d.  Osmophobia;

    e.  Difficulty concentrating

    f.  Difficulty articulating thoughts;

    g.  Impaired memory;

    h.  Irritability;

    i.  Insomnia;

    j.  Dry mouth;

    k.  Tinnitus;

    l.  Allodynia; and

    m.  Neck and shoulder tension.

28. In or around May 2021, Plaintiff's migraines began increasing rapidly in frequency and severity.

29. In or about June 2021, Plaintiff began suffering from migraines on a weekly basis.

30. The frequency of Plaintiff's migraines started to increase until she reached three (3) to five (5) migraines per week in November 2021.

31. Plaintiff has experienced daily migraines since January 2022.

32. Plaintiff reported the abovementioned symptoms, migraine frequency, as well as her inability to perform her job functions, to her healthcare providers, who documented the same.

33. Plaintiff's medical provider, Nurse Practitioner Rachel Elizabeth Seligman, advised on her January 14, 2022 appointment that Plaintiff should begin a short term disability leave due to the frequency and intensity of her migraines.

34. Due to her migraines, on or about January 21, 2022, Plaintiff was unable to perform the material and substantial duties of her occupation and she performed her last day of work before going out on leave.

35. As of January 24, 2022, Plaintiff met the definition of "disabled" within the meaning of the Plan.

36. Since January 24, 2022, Plaintiff has been and continues to be "disabled" within the meaning of the Plan.

37. Plaintiff began disability leave on or about January 24, 2022, and has remained unable to work as a result of her disabling migraine symptoms.

***Plaintiff Applies for Long Term Disability Benefits***

38. On or about January 24, 2022, Plaintiff applied for benefits under BCG's LTD Plan.

39. As part of her application for LTD benefits, Plaintiff provided UNUM with all the necessary medical releases along with statements from her treating physicians.

40. Plaintiff satisfied the LTD Policy's elimination period on or about July 22, 2022, and UNUM began its review of her LTD claim.

41. Plaintiff signed medical authorizations allowing UNUM to independently and directly obtain Plaintiff's medical records from her healthcare providers.

42. By letter dated July 29, 2022, UNUM acknowledged Plaintiff's properly filed claim for LTD benefits, but notified Plaintiff that additional information was needed from her, her employer, and her physician (NP Rachael Seligman). Specifically, UNUM needed from Plaintiff the Benefit

Payment Option Form and the Work Experience and Education Questionnaire, needed from Plaintiff's employer earning information, confirmation of LTD enrollment, confirmation of Plaintiff's effective date of coverage, and confirmation of Plaintiff's last day worked, and from Plaintiff's physician, copies of Plaintiff's medical records dated June 1, 2021, through the date of the letter.

43. Plaintiff and her providers timely provided the requested information.

44. BCG timely provided the requested information.

### *UNUM's Denial of Plaintiff's LTD Claim*

45. By letter dated September 20, 2022, UNUM denied Plaintiff's claim for LTD benefits.

46. In denying Plaintiff's LTD claim, UNUM determined that Plaintiff was not precluded from performing her regular occupation on a full-time basis.

47. UNUM's determination that Plaintiff's disabling symptoms did not preclude her from performing her regular occupation on a full-time basis was wrong, arbitrary and capricious, and unsupported by Plaintiff's medical records.

48. Under the Plan, an employee is disabled if she cannot perform each of the material duties of her regular occupation.

49. In its September 20, 2022 denial of Plaintiff's LTD benefits, UNUM failed to provide Plaintiff with an opportunity for a full and fair review of its denial decision, prematurely denied Plaintiff's claim based on insufficient information, based its decision on inaccurate information regarding Plaintiff's material duties of her job, and misapplied the Plan, applying extrinsic and more stringent requirements than the Plan language required.

50. Specifically, the plain language of the September 20, 2022, letter shows that UNUM does not challenge whether Plaintiff has a disability or is disabled under the policy, but rather asserts,

without evidence or supporting documentation, that Plaintiff's symptoms do not impede her ability to perform all of her job duties without identifying any of the job duties UNUM alleges she can perform.

51. In its September 20, 2022 denial, UNUM failed to provide Plaintiff with an opportunity for a full and fair review of its denial because it did not provide Plaintiff with the information that it considered in reaching its decision, including a copy of Plaintiff's claim file, despite repeated requests for copies of the same.

52. In its September 20, 2022 denial, UNUM wrongly denied Plaintiff's claim based on insufficient information, despite having the authority to ask for and/or obtain more information.

53. It its September 20, 2022 denial, UNUM deceptively picked portions of Plaintiff's records that would support its reasons for denying Plaintiff's claims while completely ignoring evidence to the contrary.

54. In its September 20, 2022 denial, UNUM misapplied the Plan, applying extrinsic and more stringent requirements to the Plan language, and rendered nothing more than a layperson opinion that has no medical foundation or basis under the Plan.

55. There is no support in Plaintiff's medical records for UNUM's conclusion that Plaintiff can perform her regular occupation on a full-time basis.

56. UNUM's determination regarding Plaintiff's ability to perform her regular occupation on a full-time basis was arbitrary and capricious.

57. UNUM did not obtain accurate information regarding Plaintiff's material job duties. By way of example only, UNUM inexplicably omitted any consideration of Plaintiff's frequent use of a computer in its determination that Plaintiff could perform her regular occupation.

58. Furthermore, UNUM came to this self-serving and baseless conclusion – contrary to the medical records of doctors who actually met with and treated Plaintiff – without ever having Plaintiff undergo an independent medical examination, which UNUM had the right to conduct under the Plan.

59. In its denial letter, UNUM made a number of other arbitrary and/or false statements in an attempt to justify its decision, which includes, by way of example only, finding that Plaintiff could commute to work based on the fact that Plaintiff had traveled to New York via train to attend a doctor's appointment for her migraine condition.

60. There is no support in Plaintiff's medical records for UNUM's conclusion that Plaintiff has been noncompliant with medication.

61. All of UNUM's statements in the denial letter regarding Plaintiff's ability to perform the material duties of her job were false and unsupported by the medical records but were nevertheless set forth by UNUM in order to baselessly deny benefits.

***Plaintiff Timely Appeals UNUM's Denial***

62. On or about March 20, 2023, Plaintiff appealed the denial of her LTD benefits.

63. Plaintiff's March 20, 2023 appeal was timely under the Plan language.

64. Plaintiff's March 20, 2023 appeal in response to UNUM's September 20, 2022 initial denial highlighted the inaccuracies, provided detailed explanations as to why Plaintiff does meet the definition of "disables" within the meeting of the Plan, and provided additional supporting documentation for UNUM's consideration.

65. By letter dated March 23, 2023 UNUM acknowledged Plaintiff's appeal and indicated its intent to forward Plaintiff's claim file to Plaintiff in order to provide Plaintiff with the opportunity to review the claim file and provide additional information to supplement the appeal.

66. By said letter dated March 23, 2023, UNUM set a June 30, 2023 deadline to supplement Plaintiff's appeal which was later extended to July 28, 2023.

***UNUM Upholds Its Denial***

67. By letter dated December 6, 2023, UNUM informed Plaintiff that it was not reversing its decision to deny LTD benefits.

68. Defendants' denial of Plaintiff's LTD claim was not only wrong, it was arbitrary and capricious, and constituted an abuse of discretion.

69. UNUM owed a fiduciary duty to Plaintiff, the beneficiary of the Plan.

70. UNUM breached its fiduciary duty to Plaintiff and acted arbitrarily and capriciously in denying Plaintiff's LTD claim by, *inter alia*:

    a.  Failing to conduct an in-person or telephonic medical or vocational examination of Plaintiff, despite having the ability to do so;

    b.  relying on the opinions of biased doctors, directly paid by UNUM to deny benefits;

    c.  emphasizing the self-serving opinions of UNUM doctors, who never examined Plaintiff, while understating, without reason, the opinions of Plaintiff's treating physicians;

    d.  failing to credit, without reason, Plaintiff's self-reported complaints of frequent and severe migraines, impairment and inability to perform her job duties;

    e.  failing to properly assess Plaintiff's actual job duties and failing to analyze whether Plaintiff was functionally able to perform her job duties including the mental and cognitive requirements of the job;

    f.  offering factually unsupported findings to support its denial of Plaintiff's claims;

g.  claiming that Plaintiff's symptoms do not impede her ability to perform all of her job duties without identifying *any* job duty it alleges that she can perform;

h.  failing to give meaningful consideration as to how Plaintiff's chronic migraines, as well as memory and concentration problems, would impact her job performance;

i.  engaging in cherry-picking of evidence when assessing Plaintiff's claim by selectively using some evidence while completely ignoring extensive medical evidence that supports Plaintiff's disability;

j.  failing to credit, without reason, Plaintiff's licensed healthcare providers;

k.  denying Plaintiff's claim for benefits when doing so is contrary to the substantial evidence in the claim file; and

l.  all while operating under an inherent financial conflict of interest.

71. As a result of Defendants' improper denial of Plaintiff's claim for LTD benefits, Plaintiff has been deprived of the benefits afforded under the Plan.

72. As a result of Defendant's denial of Plaintiff's claim of LTD benefits, Plaintiff has been forced to incur substantial attorneys' fees and costs in order to enforce her rights under the Plan.

## COUNT I – Violation of ERISA §502(a)(1)
## (Improper Denial of Long Term Disability Benefits)

73. Plaintiff incorporates herein by reference each of the preceding paragraphs as if each were set forth herein in its entirety.

74. By committing the foregoing acts, Defendants have improperly denied Plaintiff benefits to which she is entitled, and therefore, have violated ERISA.

75. Defendant's decision is not entitled to arbitrary and capricious or abuse of discretion review, and Defendants' denial of Plaintiff's benefits is not justified under a de novo review.

76. The Plan language does not include a sufficient grant discretionary authority that might entitled Defendants' decision to an arbitrary and capricious standard of review.

77. The claims administrator's decision is not entitled to deference where it is operating under an inherent conflict of interest as both the decision-making and payer of benefits.

78. Defendant's denial of Plaintiff's benefits under the Plan was arbitrary and capricious.

79. Defendants' determination was contrary to the language of the Plan.

80. Defendant's determination was contrary to the record evidence.

81. As a direct and proximate result of Defendants' violation of ERISA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

82. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' wrongful denial of disability benefits unless and until this Court grants the relief requested herein.

**<u>RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) Declaring the acts and practices complained of herein to be in violation of ERISA;

(b) Ordering that Plaintiff be reinstated into the Plan;

(c) Ordering that Plaintiff receive benefits under the Plan going forward unless and until such time as Plaintiff no longer meets the Plan's definition of "disability,"

(d) Awarding Plaintiff LTD benefits under the Plan, retroactive to July 22, 2022;

(e) Awarding Plaintiff costs and expenses of this action, together with reasonable attorneys' fees and interest; and

(f)  Granting such other and further relief as this Court deems appropriate.

CONSOLE MATTIACCI LAW, LLC

Dated: October 1, 2024          BY:    _____

Madison Z Provorny, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Quinn Marie Coen